## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT BASHORE,     :
          :CIVIL ACTION NO. 3:18-CV-425
    Plaintiff,   :(JUDGE MARIANI)
          :
    v.      :
          :
POCONO MOUNTAIN REGIONAL :
POLICE COMMISSION, et al.,  :
          :
    Defendants.  :

## MEMORNADUM OPINION
## I. INTRODUCTION

The Motion for Sanctions of Defendant Pocono Mountain Regional Police Commission Against Plaintiff Robert Bashore and Request for Hearing (Doc. 30) is pending before the Court. With the motion, filed pursuant to Federal Rule of Civil Procedure 26(g), Defendant Pocono Mountain Regional Police Commission ("PMRPC" "Defendant") asks the Court to impose sanctions for Plaintiff's alleged wrongful possession of a photograph marked "confidential" concerning PMRPC's proposed Weapons Qualification Policy Revision establishing, in writing, an 80% minimum score for weapons qualification which was addressed at the March 12, 2019, PMRPC meeting and which Plaintiff received from a member of the PMRPC. (Doc. 30 at 1-3.) Plaintiff responds that the motion is without merit on several grounds and Defendant's counsel did not engage in a good faith effort to resolve the discovery dispute pursuant to the Local Rules of Court of the Middle District of Pennsylvania and this Court's discovery policy. (Doc. 33 at 2-4.)

## II. BACKGROUND

A detailed factual background is set out in the Court's Memorandum and Order issued this date with which the Court grants Pocono Mountain Regional Police Commission's Motion for Summary Judgment (Doc. 34) as to Plaintiff's wrongful discharge claim and denies the motion as to Plaintiff's ADEA claim. For present purposes, limited factual information is needed.

Plaintiff was terminated from his position as a police officer in the Pocono Mountain Regional Police Department ("PMRPD") allegedly because he did not achieve a passing score on his weapons qualification testing in November 2016 after returning from a leave which began in July 2016 when he was injured in a prisoner take down incident and for allegedly providing untruthful details about his work injury. (Doc. 1 ¶ 13.) Under the standard established by the Municipal Police Officers Education and Training Commission ("MPOETC"), Plaintiff would need a score of 75% to qualify and he achieved this score. (PCSMF Doc. 41 ¶ 16; DAPCSMF Doc. 49 ¶ 16.)[1] However, Plaintiff did not achieve the 80% which Defendant alleged was the passing score needed under PMRPC's unwritten policy. (*Id.*) The 80% passing score became the official written policy of the PMRPC on March 12, 2019, when the PMRPC revised its weapons qualification policy. (PCSMF Doc.

---

[1] "PCSMF" (Doc. 41) is Plaintiff's Counter-Statement of Material Facts. "DAPCSMF" (Doc. 49) is the Answer of Pocono Mountain Regional Police Commission to Plaintiff's Counter-Statement of Material Facts

41 ¶ 95; DAPCSMF Doc. 49 ¶ 95.)  The current motion centers on a photograph of the proposed policy revision sent to Plaintiff by a PMRPC Commissioner.

## III.  ANALYSIS

Defendant asserts that "Plaintiff secured the confidential document from a member of the Police Commission for PMRPC. This manner of securing documents for this litigation is highly improper for Plaintiff and sanctions are warranted." (Doc. 30 at 3.)  Defendant maintains that a hearing is "mandated . . . so that Plaintiff will be compelled to identify, on the record, the member of the Police Commission who unethically is providing him a confidential document or documents and attempting to sabotage the defense of PMRPC through unethical conduct."  (*Id.* at 5 ¶ 11.)  The sanctions requested are that the Court preclude Plaintiff from referencing the Policy enacted regarding weapons qualification and that Plaintiff incur the costs and attorneys' fees related to the instant motion.  (Doc. 32 at 7.)  Plaintiff presents numerous reasons why the motion is improper and should be denied. (Doc. 33 at 1-4.)  The Court concludes that Defendant's motion is properly denied.

Defendant states that its motion is filed pursuant to Federal Rule of Civil Procedure 26(g) which addresses "Signing Disclosures and Discovery Requests, Responses, and Objections."  It provides as follows:

> **(1)** *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or

party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

(2) *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

(3) *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g).

In its supporting brief, Defendant states that "[t]he imposition of sanctions pursuant to Rule 37 for abuse of discovery is a matter within the court's discretion." (Doc. 32 at 4 (citing *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995)).) Rule 37 of the

Federal Rules of Civil Procedure addresses "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions." Defendant does not identify which section of the lengthy rule applies to the circumstances of this case. Therefore, the Court will not further consider the applicability of Rule 37.

As to Rule 26(g), Defendant states that the rule "grants authority to this Honorable Court to award sanctions to any party who has made use of a discovery device with an intention to subvert the flow of justice, purposefully delay the proceedings or to harass the opposite party." (Doc. 30 at 4 ¶ 3.) Defendant further avers that "Plaintiff secured the confidential document through the assistance of a Commission member of PMRPC [and] [t]his conduct by the Plaintiff was done with the intent to subvert the proper flow of justice." (*Id.* ¶¶ 4-5.) Defendant limits its criticism to Plaintiff himself, stating that "Plaintiff Bashore is represented by able counsel. The instant Motion for Sanctions is in no way directed toward counsel." (*Id.* ¶ 6.)

Defendant provides no citation in support of his application of Rule 26(g) in the instant matter and provides no analysis as to how the rule applies to the circumstances of this case. On this basis alone, the Court concludes that Defendant has not satisfied its burden of showing entitlement to the relief requested.

The Court's determination that Defendant's broad pronouncements do not point to sanctionable conduct is bolstered by the summary of events provided by Plaintiff in

response to Defendant's characterization of the information received by Plaintiff as

"confidential":

> [T]he information that Plaintiff's counsel was provided by his client was public information. The Defendant calls it confidential information but it was not. The Commission had passed the draft Policy 6-3 in a public meeting. The Commissioner provided the same to the Plaintiff after the public meeting by a text message. The Plaintiff did not ask for it. He received it unsolicited. The Plaintiff testified to this by way of his deposition on May 7, 2019. The Plaintiff then dropped off the few documents at his counsel's office. Plaintiff's counsel, upon receipt, provided the same to the Defendant's counsel. Accordingly, the Defendant's argument that a lawyer should refrain from reviewing materials more than necessary to determine how to proceed is misplaced. The materials were not unauthorized or privileged. They were public by virtue of the same having passed publically [sic] by the Commission.

(Doc. 33 at 4-5.)

Having chosen not to file a reply brief, Defendant has not refuted Plaintiff's recitation of events or argument. In sum, Defendant's motion and/or supporting brief (Docs. 30, 32) provide no basis for the Court to find wrongdoing on the part of Plaintiff or his counsel. Defendant does not dispute the fact that the revised weapons qualifications policy is a matter of public record. Therefore, although the Court finds no wrongdoing, should anything improper have occurred, Defendant cannot show how it is "handicapped" in defending this matter by Plaintiff's conduct (*see* Doc. 30 at 5 ¶ 10) when the information at issue is a matter of public record as the official policy of PMRPC adopted in March 2019.

## IV. CONCLUSION

For the reasons discussed above, the Motion for Sanctions of Defendant Pocono Mountain Regional Police Commission Against Plaintiff Robert Bashore and Request for

Hearing (Doc. 30) will be **DENIED.**  An appropriate Order will be filed simultaneously with this Memorandum Opinion.


                                        _s/ Robert D. Mariani_____
                                        Robert D. Mariani
                                        United States District Judge