THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT BASHORE,                          :
                                         :CIVIL ACTION NO. 3:18-CV-425
          Plaintiff,                     :(JUDGE MARIANI)
                                         :
     v.                                  :
                                         :
POCONO MOUNTAIN REGIONAL                 :
POLICE COMMISSION, et al.,               :
                                         :
          Defendants.                    :

## MEMORANDUM OPINION

Here the Court considers "Defendant's Motion in Limine to Bar Evidence Regarding

Other Separations of Employment and Irrelevant Events to Plaintiff's Termination" (Doc. 61).

With the motion, Defendant Pocono Mountain Regional Police Commission ("PMRPC")

requests that evidence concerning Plaintiff's retirement age for pension vesting and the

buyback of military time be precluded because such evidence is irrelevant and prejudicial.[1]

(Doc. 61 at 2-3.)  Defendant PMRPC also avers that evidence concerning other employees,

post-termination amendment of the Weapons Qualification Policy (PMRPC Policy 6-3), the

decision to secure Plaintiff's service revolver, a union official's comments, Plaintiff's labor

---

[1] Although the motion title refers to "Defendant's" in the singular, the body of the motion indicates that it is filed by "Defendants, (hereinafter referred to as "PMRPD Defendants"). (Doc. 61 at 1.) The docket shows that the parties entered a Stipulation on April 20, 2018, stipulating that the Pocono Mountain Regional Police Department ("PMRPD") was dismissed from the action with prejudice. (Doc. 10 at 1.) The Court accepted the Stipulation by Order of the same date. (Doc. 11.) Thereafter, Attorneys Harry Coleman and Owen Coleman represent only the Pocono Mountain Regional Police Commission ("PMRPC"). Thus, the Court considers this motion to have been filed by Defendant PMRPC.

grievances, and Plaintiff's Workers Compensation Claim/Reinstatement should be precluded because such evidence would risk turning the trial into a series of mini-trials, the evidence is non-probative, and it is unduly prejudicial to Defendant PMRPC. (Doc. 61 ¶¶ 9-22.) For the reasons discussed below, the Court will deny Defendant PMRPC's motion without prejudice.

## I. BACKGROUND

On December 28, 2018, Plaintiff filed the above-captioned action after he was terminated from his position as a police officer with the Pocono Mountain Regional Police Commission ("MPRPC"). (Doc. 1.)   As set out in the Statement of Undisputed Material Facts contained in the Court's Memorandum Opinion addressing the Pocono Mountain Regional Police Commission's Motion for Summary Judgment (Doc. 34), Plaintiff sustained an on-the-job injury in July 2016, was unable to work for a period of time, and, upon his return to work, had to update his weapons qualification. (Doc. 50 at 2-3.[2])  More specifically, Plaintiff injured his right hip, right knee and right hand in a prisoner take down incident and was unable to work until he was returned to work on November 1, 2016. Sergeant David Poluszny, the Department's Firearms Instructor, was present for Plaintiff's November 2016 weapons qualification efforts and was aware that Plaintiff was qualifying in November 2016 because he had been returned to work on November 1, 2016.

_____

[2] Additional background information is taken from the Summary Judgment Memorandum Opinion's Statement of Undisputed Material Facts (Doc. 50 at 2-11) unless otherwise cited in the text.

Plaintiff was told by Sergeant Poluszny that he failed two weapons qualification attempts on November 2, 2016, and that he failed on November 3, 2016.  Plaintiff was not told his scores.   After Chief Wagner was notified that Plaintiff failed the weapons qualifications, Plaintiff was placed on light duty.  Chief Wagner's Record of Employee Conference dated November 4, 2016, does not state that Plaintiff failed the test for not attaining an 80% score (240) on his weapons qualification.   Plaintiff testified that Chief Wagner told him he would have to obtain outside training by the National Rifle Association at his own expense.

Plaintiff was put on desk duty from November 7, 2016, to November 11, 2016, and then returned to the range for a qualification attempt with Sergeant Posluszny.  Plaintiff was told he had failed again and had scored 236.  Plaintiff said he only needed a 225 (75%), but Sergeant Posluszny told him he needed a 240 (80%).  Plaintiff testified that he has never seen any document at the PMRPD that indicates a minimum pass/fail test score is 225, the MPOETC standard.

Plaintiff was removed from duty on November 16, 2016, by Chief Wagner on the alleged basis that he did not pass his weapons qualification pursuant to Policy 6-3 (Weapons Qualification), Subsection (III)(E)(5).  An executive session of the Commission was held on the same day.  Chief Wagner's letter states that "the outcome of the meeting was that we are bound by policy as set."  (Doc.  at 5 (quoting Plaintiff's Counter-Statement of Material Facts ("PCSMF") Doc. 41 ¶ 19).)  The only written policy set by the Commission

was under PMRPC Policy 6-3 (Pl.'s Ex. #10 (Doc. 43-10)) and PMRPC Policy 5-1 (Pl.'s Ex

#5 (Doc. 43-5)).  The department's alleged unwritten policy of a 240 passing score, which

differed from MPOETC standard of 225, was not a written a policy of the Commission at the

relevant time.  The Commission required Plaintiff to successfully qualify within thirty (30)

days after having received remedial firearms training from an outside source.  Chief

Wagner's letter to Plaintiff dated November 16, 2016, relieving him of duty for allegedly

failing his weapons qualification test does not state that Plaintiff failed the test for not

attaining an 80% score on his weapons qualification.  Chief Wagner testified that being

relieved of duty means Plaintiff was on unpaid status and was not to report to work.

Plaintiff returned to his doctor on November 17, 2016, and was taken out of work

again.  He provided the work restriction to Chief Wagner who admitted that he would have

been aware that the Plaintiff was placed back on full restrictions the day after November 16,

2016, by his doctor for acquired trigger finger.  He testified that he did not recall any

discussions with Plaintiff as to how he would undergo remedial firearms training within 30

days based on his medical restrictions specifically for his right hand, and he stated there

was no policy for such a scenario.

Plaintiff's counsel sent a letter to the PMRPD dated November 23, 2016, enclosing a

copy of a Petition for Penalties filed with the Pennsylvania Department of Labor & Industry,

Bureau of Workers' Compensation filed on November 23, 2016, alleging that Defendant

refused to pay benefits to the Claimant and instead informed him that his claim was denied.

A Loudermill Hearing was held on November 23, 2016.  Defendant's Loudermill Hearing Notice to Plaintiff notified him that the issues to be addressed were: (1) Policy 6-3 Weapons Qualification, and (2) Failure to qualify with your primary service handgun on 11/1/16, 11/2/16, 11/3/16 and 11/11/16.

Plaintiff was terminated on December 26, 2016, although he had been out of work due to his work injury from November 17, 2016, through his date of termination.  He was fifty-eight (58) years old at the time and had twenty-three (23) years of continuous employment and service with the PMRPC.  Sergeant Poluszny testified that it was the first time a police officer did not qualify and was terminated.  (PCSMF Doc. 41 ¶ 34; DAPCSMF Doc. 49 ¶ 34.)

At the time of his termination, Plaintiff was less than two years from his retirement eligibility for being over 50 years of age and having 25 years of service.  As such, he would have been entitled to Pension Benefits due to his age being over 50 and having attained 25 years of service.  Plaintiff would also have been entitled to Post-Retirement Health Care at 50% premium.

On January 4, 2017, an Order was issued by the Honorable Alan Harris, Workers' Compensation Judge, stating the following: "AND NOW, following a hearing which took place on December 28, 2016, and upon finding that Claimant's benefits were suspended in violation of law, it is ordered that Claimant's benefits be reinstated as of October 12, 2018." (PCSMF Doc. 41 ¶ 29; DAPCSMF ¶ 29.)

In the Court's March 23, 2020, Memorandum Opinion (Doc. 50), the Court granted summary judgment on Plaintiff's wrongful discharge claim and denied summary judgment on his Age Discrimination in Employment Act claim.  (Doc. 50 at 27.)  Therefore, two claims remain—Count I Age Discrimination in Employment Act claim against the Pocono Mountain Regional Police Commission and Count III Breach of Duty of Fair Representation claim against Pocono Regional Police Officer's Association which was not the subject of a summary judgment motion.  (Doc. 1 ¶¶ 31-43, 54-67.)

Trial is set to commence on September 20, 2021.  (Doc. 97.)  The parties have filed numerous motions in limine (Docs. 57, 61, 63, 65, 67, 69), including Plaintiff's motion at issue here, which are all ripe for disposition.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).  A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom*. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.  "[I]n limine rulings are not binding on the trial judge, and the judge may

6

always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753,

758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).  The Supreme Court has long

recognized that "[a] reviewing court is handicapped in an effort to rule on subtle evidentiary

questions outside a factual context." *Luce v. United States*, 469 U.S. 38, 41 (1984).  Thus,

a district court's ruling on a motion in limine "is subject to change when the case unfolds."

*Id.*  While this is particularly so if the actual testimony at trial differs from what was

anticipated in a party's motion in limine, but "even if nothing unexpected happens at trial, the

district judge is free, in the exercise of sound judicial discretion, to alter a previous *in*

*limine* ruling." *Id.* at 41-42.

Further, while motions in limine may serve as a useful pretrial tool that enables more

in-depth briefing than would be available at trial, a court may defer ruling on such motions "if

the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707

(E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is

best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506,

518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of

questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

*Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).  Moreover, "*pretrial*

Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the

potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

### III. ANALYSIS

As set out above, Defendant PMRPC presents a list of categories of evidence that should be precluded on grounds that the evidence is not relevant and unduly prejudicial.  As directed in the Court's April 1, 2020, Order scheduling this matter for trial, each motion in limine must "be narrowly tailored, address a single evidentiary issue, and be filed separately.  No omnibus motions will be considered by the Court." (Doc. 54 ¶ 6.) Defendant PMRPC's motion violates the Court's directive and will be denied on that basis.

In doing so, the Court notes that relevance in this matter must be considered in the context of the legal framework within which an ADEA claim is analyzed.  As set out in the Court of Appeals for the Third Circuit's Model Civil Jury Instructions, to prevail on his ADEA claim, Plaintiff must prove both of the following by a preponderance the evidence: First: Defendant terminated Plaintiff; and Second, Plaintiff's age was a determinative factor in Defendant's decision.  Third Circuit Model Civil Jury Instruction 8.1.1.  When the defendant has given a nondiscriminatory reason for the termination, in assessing the reason asserted, the jury may disbelieve the defendant's stated reason and "consider whether [plaintiff] has proven that [defendant's] reason is merely a cover-up for discrimination." *Id.*  Thus, in deciding the question of relevance in this case, evidence which undermines the reason given by Defendant PMRPC cannot be summarily precluded before trial.  The relevance of

specific evidence Defendant PMRPC now seeks to preclude is best determined in the context of trial "to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard*, 981 F. Supp. 2d at 276.  Further, the matters presented in this motion claimed to be unduly prejudicial are also best decided in the context of trial so the Court can "fairly ascertain the potential relevance of evidence for Rule 403 purposes . . . [on the basis of] a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 859.

## IV. CONCLUSION

Because this is an omnibus motion precluded by Court Order (Doc. 54 ¶ 6) and raises issues in such generalized terms that resolution of any of them is impossible at the pretrial stage, Defendant's Motion in Limine to Bar Evidence Regarding Other Separations of Employment and Irrelevant Events to Plaintiff's Termination (Doc. 61) will be denied without prejudice.  A separate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge