THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BASHORE, | : |
| | : CIVIL ACTION NO. 3:18-CV-425 |
| Plaintiff, | : (JUDGE MARIANI) |
| | : |
| v. | : |
| | : |
| POCONO MOUNTAIN REGIONAL POLICE COMMISSION, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM OPINION**

Here the Court considers Defendant's Motion in Limine to Bar Evidence Regarding Administrative Workers Compensation Proceedings and Dismissed Claims and Motion for Limiting Instruction (Doc. 65) filed by Defendant PMRPC.[1] With the motion, Defendant PMRPC requests that the Court preclude Plaintiff from introducing evidence regarding

> (i) Plaintiff's workers compensation injury and claim, other than that he sustained a work injury on July 13, 2016 and had fully recovered from same as well as being cleared to return to work without restriction on October 20, 2016 with a return to work date of November 1, 2016; (ii) the workers compensation work injury investigation findings and post weapons qualification failure workers compensation issues; and (iii) reference to Plaintiff's dismissed wrongful discharge claim or other wrongful discharges.

[1] Although the motion title refers to "Defendant's" in the singular, the body of the motion indicates that it is filed by "Defendants, (hereinafter referred to as "PMRPD Defendants"). (Doc. 61 at 1.) The docket shows that the parties entered a Stipulation on April 20, 2018, stipulating that the Pocono Mountain Regional Police Department ("PMRPD") was dismissed from the action with prejudice. (Doc. 10 at 1.) The Court accepted the Stipulation by Order of the same date. (Doc. 11.) Thereafter, Attorneys Harry Coleman and Owen Coleman represent only the Pocono Mountain Regional Police Commission ("PMRPC"). Thus, the Court considers this motion to have been filed by Defendant PMRPC.

(Doc. 65 at 5.) For the reasons discussed below, the Court will grant Defendants' motion in part and deny it in part.

## I. Background

On December 28, 2018, Plaintiff filed the above-captioned action after he was terminated from his position as a police officer with the Pocono Mountain Regional Police Commission ("MPRPC"). (Doc. 1.) As set out in the Statement of Undisputed Material Facts contained in the Court's Memorandum Opinion addressing the Pocono Mountain Regional Police Commission's Motion for Summary Judgment (Doc. 34), Plaintiff injured his right hip, right knee, and right hand in a prisoner take down incident in July 2016 and was unable to work until November 1, 2016. (Doc. 50 at 2-3.[2]) On August 5, 2016, PMRPC and its workers' compensation insurance carrier issued a Notice of Temporary Compensation Payable. Plaintiff was paid workers' compensation benefits. On October 20, 2016, Plaintiff was provided clearance by Mountain View Orthopedics to return to work on November 1, 2016. Plaintiff was released to full duty by his orthopedic physician.

Upon his return to work, Plaintiff had to update his weapons qualification. Sergeant David Poluszny, the Department's Firearms Instructor, was present for Plaintiff's November 2016 weapons qualification efforts and was aware that Plaintiff was qualifying in November 2016 because he had been returned to work on November 1, 2016.

[2] Additional background information is taken from the Summary Judgment Memorandum Opinion's Statement of Undisputed Material Facts (Doc. 50 at 2-11) unless otherwise cited in the text.

Plaintiff was told by Sergeant Poluszny that he failed two weapons qualification attempts on November 2, 2016, and that he failed on November 3, 2016. Plaintiff was not told his scores. After Chief Wagner was notified that Plaintiff failed the weapons qualifications, Plaintiff was placed on light duty. Chief Wagner's Record of Employee Conference dated November 4, 2016, does not state that Plaintiff failed the test for not attaining an 80% score (240) on his weapons qualification. Plaintiff testified that Chief Wagner told him he would have to obtain outside training by the National Rifle Association at his own expense.

Plaintiff was put on desk duty from November 7, 2016, to November 11, 2016, and then returned to the range for a qualification attempt with Sergeant Posluszny. Plaintiff was told he had failed again and had scored 236. Plaintiff said he only needed a 225 (75%), but Sergeant Posluszny told him he needed a 240 (80%). Plaintiff testified that he has never seen any document at the PMRPD that indicates a minimum pass/fail test score is 225, the MPOETC standard.

Plaintiff was removed from duty on November 16, 2016, by Chief Wagner on the alleged basis that he did not pass his weapons qualification pursuant to Policy 6-3 (Weapons Qualification), Subsection (III)(E)(5). An executive session of the Commission was held on the same day. Chief Wagner's letter states that "the outcome of the meeting was that we are bound by policy as set." (Doc. at 5 (quoting Plaintiff's Counter-Statement of Material Facts ("PCSMF") Doc. 41 ¶ 19).) The only written policy set by the Commission

was under PMRPC Policy 6-3 (Pl.'s Ex. #10 (Doc. 43-10)) and PMRPC Policy 5-1 (Pl.'s Ex #5 (Doc. 43-5)). The department's alleged unwritten policy of a 240 passing score, which differed from MPOETC standard of 225, was not a written a policy of the Commission at the relevant time. The Commission required Plaintiff to successfully qualify within thirty (30) days after having received remedial firearms training from an outside source. Chief Wagner's letter to Plaintiff dated November 16, 2016, relieving him of duty for allegedly failing his weapons qualification test does not state that Plaintiff failed the test for not attaining an 80% score on his weapons qualification. Chief Wagner testified that being relieved of duty means Plaintiff was on unpaid status and was not to report to work.

Plaintiff returned to his doctor on November 17, 2016, and was taken out of work again. He provided the work restriction to Chief Wagner who admitted that he would have been aware that the Plaintiff was placed back on full restrictions the day after November 16, 2016, by his doctor for acquired trigger finger. Chief Wagner testified that he did not recall any discussions with Plaintiff as to how he would undergo remedial firearms training within 30 days based on his medical restrictions specifically for his right hand, and he stated there was no policy for such a scenario.

Plaintiff's counsel sent a letter to the PMRPD dated November 23, 2016, enclosing a copy of a Petition for Penalties filed with the Pennsylvania Department of Labor & Industry, Bureau of Workers' Compensation filed on November 23, 2016, alleging that Defendant refused to pay benefits to the Claimant and instead informed him that his claim was denied.

A Loudermill Hearing was held on November 23, 2016. Defendant's Loudermill Hearing Notice to Plaintiff notified him that the issues to be addressed were: (1) Policy 6-3 Weapons Qualification, and (2) Failure to qualify with your primary service handgun on 11/1/16, 11/2/16, 11/3/16 and 11/11/16.

Plaintiff was terminated on December 26, 2016, although he had been out of work due to his work injury from November 17, 2016, through his date of termination. He was fifty-eight (58) years old at the time and had twenty-three (23) years of continuous employment and service with the PMRPC. Sergeant Poluszny testified that it was the first time a police officer did not qualify and was terminated. (PCSMF Doc. 41 ¶ 34; DAPCSMF Doc. 49 ¶ 34.)

At the time of his termination, Plaintiff was less than two years from his retirement eligibility for being over 50 years of age and having 25 years of service. As such, he would have been entitled to Pension Benefits due to his age being over 50 and having attained 25 years of service. Plaintiff would also have been entitled to Post-Retirement Health Care at 50% premium.

On January 4, 2017, an Order was issued by the Honorable Alan Harris, Workers' Compensation Judge, stating the following: "AND NOW, following a hearing which took place on December 28, 2016, and upon finding that Claimant's benefits were suspended in violation of law, it is ordered that Claimant's benefits be reinstated as of October 12, 2016." (PCSMF Doc. 41 ¶ 29; Doc. 49 DAPCSMF ¶ 29.)

In the Court's March 23, 2020, Memorandum Opinion (Doc. 50), the Court granted summary judgment on Plaintiff's wrongful discharge claim and denied summary judgment on his Age Discrimination in Employment Act claim. (Doc. 50 at 27.) Therefore, two claims remain—Count I Age Discrimination in Employment Act claim against the Pocono Mountain Regional Police Commission and Count III Breach of Duty of Fair Representation claim against Pocono Regional Police Officer's Association which was not the subject of a summary judgment motion. (Doc. 1 ¶¶ 31-43, 54-67.)

Trial is set to commence on September 20, 2021. (Doc. 97.) The parties have filed numerous motions in limine (Docs. 57, 61, 63, 65, 67, 69), including Plaintiff's motion at issue here, which are all ripe for disposition.

## II. Standard of Review

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may

always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000). The Supreme Court has long recognized that "[a] reviewing court is handicapped in an effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States*, 469 U.S. 38, 41 (1984). Thus, a district court's ruling on a motion in limine "is subject to change when the case unfolds." *Id.* While this is particularly so if the actual testimony at trial differs from what was anticipated in a party's motion in limine, but "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.* at 41-42.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. ANALYSIS

As set out above, with this motion Defendant requests that the Court preclude Plaintiffs from presenting evidence as to the following:

> (i) Plaintiff's workers compensation injury and claim, other than that he sustained a work injury on July 13, 2016 and had fully recovered from same as well as being cleared to return to work without restriction on October 20, 2016 with a return to work date of November 1, 2016; (ii) the workers compensation work injury investigation findings and post weapons qualification failure workers compensation issues; and (iii) reference to Plaintiff's dismissed wrongful discharge claim or other wrongful discharges.

(Doc. 65 at 5.)

As directed in the Court's April 1, 2020, Order scheduling this matter for trial, each motion in limine must "be narrowly tailored, address a single evidentiary issue, and be filed separately. No omnibus motions will be considered by the Court." (Doc. 54 ¶ 6.) Defendant PMRPC's motion violates the Court's directive and can be denied on that basis. However, because Plaintiff states that he does not intend to introduce evidence regarding his wrongful discharge claim, and the Court agrees that evidence related to this claim is properly excluded as irrelevant to the ADEA claim, the Court will grant Defendant's motion on this issue.

Regarding the workers compensation injury and claim, Defendant PMRPC's request that the only related admissible evidence is that Plaintiff "sustained a work injury on July 13,

2016 and had fully recovered from same as well as being cleared to return to work without restriction on October 20, 2016 with a return to work date of November 1, 2016" (Doc. 65 at 5) and that other evidence related to his workers' compensation claim is "entirely irrelevant and highly prejudicial" (Doc. 66 at 5) will be denied. The Court concludes that the uncertain contours of the request indicate that pretrial preclusion is inappropriate. Undisputed facts show that Plaintiff was returned to work from his July 2016 work related injury on November 1, 2014, without restrictions, and Plaintiff was taken out of work again on November 17, 2016, because of acquired trigger finger which was eventually judged to be a work related injury; Plaintiff provided the work restriction related to the trigger finger diagnosis to Chief Wagner; and Chief Wagner admitted that he would have been aware that the Plaintiff was placed back on full restrictions by his doctor the day after he was relieved of duty by Chief Wagner on November 16, 2016. *See supra* pp. 4-5. These facts, contrasted with Defendant's request regarding the workers compensation injury and claim to allow only evidence that Plaintiff "sustained a work injury on July 13, 2016, and had fully recovered from same as well as being cleared to return to work without restriction on October 20, 2016 with a return to work date of November 1, 2016" (Doc. 65 at 5), show that Plaintiff should not be summarily excluded from presenting evidence about his condition and events which post-date his November 1, 2016, return to work.

The Court agrees with Plaintiff that he should "be able to fully explain the circumstances surrounding his injury, his return to work, his qualifications, and his

subsequent medical leave from work." (Doc. 78 at 3.) Because Defendant PMRPC's suggested limitations related to Plaintiff's workers compensation injury and claims are overly broad and best reserved for consideration in the context of trial, *Walden*, 126 F.3d at 518 n.10; *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 859; *Leonard*, 981 F. Supp. 2d at 276, the Court will deny without prejudice Defendant PMRPC's motion insofar as it seeks to preclude evidence related to Plaintiff's workers compensation injury and claim (Doc. 65 at 5; Doc. 66 at 7, 10).

## IV. Conclusion

For the reasons discussed above, Defendant's Motion in Limine to Bar Evidence Regarding Administrative Workers Compensation Proceedings and Dismissed Claims and Motion for Limiting Instruction (Doc. 65) filed by Defendant PMRPC will be granted in part and denied without prejudice in part. The motion will be granted insofar as Plaintiff will be precluded from presenting evidence related to his wrongful discharge claim. The motion will be denied without prejudice in all other respects. An appropriate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge